# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION AT DAYTON

ZANYEL BOMBACH,            :

      Plaintiff,            :     Case No. 3:12cv00208

v.                    :     District Judge Walter Herbert Rice
                           Magistrate Judge Sharon L. Ovington

DOLLAR GENERAL STORE 12202,  :
DISTRICT 437, REGION 18, et al.,

                           :

      Defendants.

                           :

---

## REPORT AND RECOMMENDATIONS[1]

---

    Plaintiff Zanyel Bombach brings this case *pro se* against his previous employer, Dollar General, and supervisor, Carlene Osborn, relating to his termination from Dollar General on June 12, 2012, as well as other harassment he claims to have experienced while working there.

    On June 28, 2012, this Court granted Plaintiff's Application to Proceed *in forma pauperis* under 28 U.S.C. § 1915.  Currently, the case is before the Court for a *sua sponte* review in order to determine whether Plaintiff's Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B). If the Complaint raises a claim with an

---

[1]Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendations.

arguable or rational basis in fact or law, it is neither frivolous nor malicious, and it may not be dismissed *sua sponte*. *Brand v. Motley*, 526 F.3d 921, 923-24 (6th Cir. 2008); *see Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). A Complaint has no arguable factual basis when its allegations are "fantastic or delusional." *Brand*, 526 F.3d at 923 (quoting *Neitzke v. Williams*, 490 U.S. 319, 327-28, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)); *see Lawler*, 898 F.2d at 1199. A Complaint has no arguable legal basis when it presents "indisputably meritless" legal theories – for example, when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *See Neitzke*, 490 U.S. at 327-28; *see also Brand*, 526 F.3d at 923.

Determining whether a Complaint fails to state a claim upon which relief may be granted starts by accepting the plaintiff's allegations as true and construing the Complaint in the light most favorable to the plaintiff. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). "[A] complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than a 'formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 1965, 167 L.Ed.2d 929 (2007)). "[T]he dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915A and 1915(e)(2)(B)] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (internal citations omitted).

2

Plaintiff alleges that he was "harassed, discriminated against and fired unjustifiably," from his job at Dollar General on June 12, 2012.  (Doc. #2 at 3; Doc. #2-1 at 1).  Specifically, Plaintiff claims that his supervisor, "Carlene Osborn didn't follow the company protocol according to the procedure to terminate [him]," and that Defendants Dollar General and Osborn "discriminated against [him], because of [his] age, gender and color."  (*Id.*).  Plaintiff alleges that Osborn "harassed him on many ocassions [sic] . . . for [his] keys to the register and she threaten[ed] to fire [him] many times."  (*Id.*).  Plaintiff states that he filed complaints with the National Labor Relations Board, Dollar General, and the Equal Employment Opportunity Commission (EEOC). (*Id.*).

As to relief, Plaintiff requests an unspecified amount of damages for pain and suffering, mental distress, punitive damages, and "wages for the rest of the year." (*Id.* at 4).

Plaintiff attempts to bring claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, relating to his termination from Dollar General on June 12, 2012, as well as other harassment he claims to have experienced while working there.  Plaintiff, however, has not alleged in his complaint that he received a right-to-sue letter from the EEOC, nor does it seem likely from the recent filing of his EEOC charge that a right-to-sue letter would have already been issued.

Although Title VII retains a private cause of action for the individual victim of employment discrimination, it also allows the EEOC to bring suit against employers in federal court.  *EEOC v. Frank's Nursery & Crafts, Inc.*, 177 F.3d 448, 455 (6th Cir. 1999).

3

Thus, "under Title VII, once an individual files a charge alleging unlawful employment practices, the EEOC must investigate the charge and determine whether there is 'reasonable cause' to believe that it is true." *Id.* (citing 42 U.S.C. § 2000e-5(b) (1998)). If the EEOC finds reasonable cause, it will attempt to resolve the unlawful employment practice informally, and if not successful, may bring a civil action against the employer. *Id.* If, on the other hand, "the EEOC investigates a charge, and, after 180 days, either concludes that there is no 'reasonable cause' to believe it is true or fails to make a finding of 'reasonable cause,' the EEOC must notify the aggrieved individual." *Id.* at 456 (citing 42 U.S.C. § 2000e-5(f)(1) (1998)). "If the EEOC finds 'reasonable cause' to believe an employer has violated Title VII but chooses not to bring suit on behalf of the federal government, the EEOC will issue a 'notice of right to sue' on the charge to the aggrieved party." *Id.* (citing 29 C.F.R. § 1601.28(b) (1998)). If the EEOC does not make a "reasonable cause" finding after 180 days, the aggrieved individual may then request a right-to-sue letter from the EEOC. *Id.*

Without a right-to-sue letter from the EEOC, however, an individual may not file suit under Title VII. *Id.* (citing *Rivers v. Barberton Bd. of Educ.*, 143 F.3d 1029, 1032 (6th Cir. 1998)). "Receipt of a right-to-sue letter from the EEOC is a condition precedent to filing a Title VII action" in federal district court. *Rivers*, 143 F.3d at 1031. Without a right-to-sue letter, a plaintiff's Title VII claims should be dismissed without prejudice. *See Frank's*, 177 F.3d at 456; *Rivers*, 143 F.3d at 1031. Here, the events underlying Plaintiff's Title VII claims are alleged to have occurred only a few weeks ago, and he just

4

recently filed his charge with the EEOC.  Plaintiff does not allege to have received a right-to-sue letter, nor is it likely one would have been issued in such a short period of time.  Absent evidence from the Plaintiff indicating he has, in fact, been provided with a right-to-sue letter from the EEOC, Plaintiff's Complaint should be dismissed without prejudice for failure to state a claim upon which relief can be granted.  Thereafter, Plaintiff may re-file this case upon obtaining a right-to-sue letter from the EEOC. Plaintiff should note, however, that once an individual receives a right-to-sue letter, any Title VII employment discrimination action must be brought "within ninety days of the giving of such notice . . . ."  *See* 42 U.S.C. § 2000e-5(f)(1).

### IT IS THEREFORE RECOMMENDED THAT:

1.    Plaintiff Zanyel Bombach's Complaint (Doc. #2) be DISMISSED without prejudice to re-filing upon obtaining a right-to-sue letter from the EEOC;

2.    The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of an Order adopting this Report and Recommendations would not be taken in good faith, and consequently, leave for Plaintiff to appeal *in forma pauperis* should be denied; and

3.    The case be terminated on the docket of this Court.


July 2, 2012                                                    ___s/Sharon L. Ovington_____
                                                                        Sharon L. Ovington
                                                                  United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen (17) days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See, United States v. Walters,* 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).